UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| Shirley G. Newman, an individual, | § | CASE NO. 2:09:CV-00188 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | REPRESENTATIVE ACTION |
| | § | |
| Susan J. Clay individually and d/b/a | § | |
| Dalhart Publishing Co., a/k/a | § | |
| The Dalhart Texan, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

INTRODUCTION

1.   This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, (the "FLSA") 29 U.S.C. § 216(b).

JURISDICTION

2.   This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28 U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

PARTIES

3.   Shirley G. Newman (the "Plaintiff") is a resident of Dalhart, Dallam County, Texas, and at times material worked for Susan J. Clay, an individual doing business as Dalhart Publishing Co., which is also known as The Dalhart Texan, at its facility in Dalhart, Dallam County, Texas. Plaintiff brings this action on behalf of herself and as representative of similarly situated workers who file consents to join in this action. The acts, practices and events

complained of occurred, at least in substantial part, in the Northern District of Texas, Amarillo Division.

4.     Defendant Susan J. Clay ("Clay") individually and d/b/a Dalhart Publishing Co., a/k/a The Dalhart Texan, is the owner of and is doing business as Dalhart Publishing Co., which is also known as The Dalhart Texan ("The Dalhart Texan"), and she may be served by serving her at 410 Denrock Avenue, Dalhart, Texas 79022-2628. The Dalhart Texan maintains its principal place of business in Dalhart, Texas and is engaged in the publishing, newspaper and on-line newspaper business. Clay is personally liable for the acts of The Dalhart Texan because she controls said d/b/a and makes the day to day decisions about employee payroll matters and rates of pay.

## FACTS

5.     Plaintiff was employed by Clay at The Dalhart Texan facility in Dalhart, Texas from July 21, 2007 until April 5, 2009. Clay is the individual who controls The Dalhart Texan, and who controls the day to day operations and make decisions about payroll matters and rates of pay concerning the employees of The Dalhart Texan.

6.     Clay, as well as her agents, employees and representatives combined, conspired and acted through a concert of action to avoid paying overtime to its hourly employees. It is believed Clay as well as others, including but not limited to the other non-exempt hourly workers, in the course of their employment with Clay and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-conspirators.

7. During the time of Plaintiff's employment Clay failed to pay Plaintiff and others similarly situated, their lawful overtime wages for hours of work they performed in excess of 40 hours per week as required by the FLSA.

8. The failure to pay Plaintiff and others similarly situated their lawful overtime wages under the FLSA included paying all overtime hours at the regular rate, and was paid as regular time, not time and a half as required by the FLSA. Plaintiff regularly worked up to and over fifty (50) hours per week, and any such hours worked over forty (40) hours a week were paid as regular time and not time and a half. Other of Clay's similarly situated employees were paid in the same manner and Clay repeatedly made statements to her employees that she did not pay overtime.

9. Similarly situated individuals working in the production of goods or services for commerce at Clay's facility in Dalhart, Texas, were deprived of their lawful overtime wages under the FLSA in the same manner as Plaintiff. This action is brought on behalf of those similarly situated workers.

10. Clay's failure to pay Plaintiff and similarly situated workers their lawful wages required by the FLSA was willful. Despite her knowledge that time spent performing their daily activities for the benefit of The Dalhart Texan and Clay, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time, Clay failed and refused to pay the proper overtime rate. The foregoing activities performed by the workers are compensable time under the FLSA at the overtime rate. Clay took no steps to compensate workers at The Dalhart Texan in the State of Texas for this time, in violation of the law.

### REPRESENTATIVE ACTION

11. Plaintiff brings this action on behalf of herself and all similarly situated employees of The Dalhart Texan, which is wholly owned and controlled by Clay. Plaintiff requests that notice be issued to those employees informing them of their right to file consents to join in this action.

### CAUSES OF ACTION

### COUNT I
### FLSA

12. Plaintiff, for her Count I of this Complaint, inclusive of the foregoing, alleges and states that Plaintiff and similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act for damages, unpaid wages, reasonable attorneys fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court:

a. Issue notice to all similarly situated employees of The Dalhart Texan informing them of their right to file consents to join in this action;

b. Declare that Plaintiff and similarly situated workers who file consents to join this suit are entitled to pay for all of their FLSA-defined hours of work, including all hours worked over 40 hours in one week;

c. Awarding Plaintiff and similarly situated workers who file consents to join in this suit, their unpaid overtime and proper rate of overtime pay under the FLSA for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys fees and costs of suit; and

d. Such other damages and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

_____
Felipe Zavala,  Bar No. 24013796

## JURY DEMAND

Plaintiff herewith demands a trial by jury.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Newman, Shirley G.

**DEFENDANTS**
Clay; Susan J. individually and d/b/a Dalhart Publishing co., a/k/a The Dalhart Texan

(b) County of Residence of First Listed Plaintiff  **Dallam**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Felipe Zavala, Philip R. Russ, Law Offices of Philip R. Russ, 2700 S. Western, Suite 1200, Amarillo, TX 79109 (806) 358-9293

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☒ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C., Sec. 201, et seq.

Brief description of cause:
Failure to pay applicable overtime rate

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 50,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 08/07/2009

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____